Mr. Charles D. Travis Executive Director Employees Retirement System of Texas P.O. Box 13207 Austin, Texas 78711-3207
Re: Authority of the Employees Retirement System of Texas to operate a securities lending program (RQ-1908)
Dear Mr. Travis:
 You ask two questions regarding the participation of the Employees Retirement System of Texas (hereinafter ERS) in a securities lending program. The ERS is a statewide retirement system established pursuant to constitutional mandate. Tex. Const. art. XVI, § 67(b)(2). The constitutional provision requires the statutes governing each statewide system to provide for a board of trustees to administer the system and to invest the system's funds "in such securities as the board may consider prudent investments." Id. § 67(a)(3).
Chapter 815 of the Government Code (hereinafter the code) specifies the powers and duties of the ERS board and provides for the management and operation of the system. Sections 815.207, 815.301, 815.302, and 815.303 of the code authorize the ERS to select one or more commercial banks, depository trust companies, or other entities to serve as custodian of all or part of the retirement system's assets.
Section 815.303(a) grants express authority to the ERS to select one or more commercial institutions to serve as custodians of the system's securities and to lend the securities as the board of trustees determines. Section 815.303(b) prescribes the requirements for the entities selected to engage in securities lending:
 (a) The retirement system may, in the exercise of its constitutional discretion to manage the assets of the retirement system, select one or more commercial banks, depository trust companies, or other entities to serve as custodian or custodians of the system's securities and to lend the securities under rules adopted by the board of trustees and as required by this section.
 (b) To be eligible to lend securities under this section, a bank or brokerage firm must:
 (1) be experienced in the operation of a fully secured securities loan program;
 (2) maintain adequate capital in the prudent judgment of the retirement system to assure the safety of the securities;
 (3) execute an indemnification agreement satisfactory in form and content to the retirement system fully indemnifying the retirement system against loss resulting from its operation of a securities loan program for the system's securities; and
 (4) require any securities broker or dealer to whom it lends securities belonging to the retirement system to deliver to and maintain with the custodian collateral in the form of cash or United States government securities in an amount equal to not less than 100 percent of the market value, from time to time, of the loaned securities. (Emphasis added.)
Securities lending is a form of investment. A 1986 opinion issued by the attorney general of the state of Washington described securities lending agreements as follows:
 Under the terms of a securities lending agreement, securities are presently paid out in exchange for the right to receive repayment of the securities, plus interest, at some future date. Securities lending agreements, as income-producing loans, are therefore an investment of funds and may be constitutionally entered on behalf of the permanent common school fund, public pension or retirement funds, and industrial insurance funds.
Op.Wash. Att'y Gen. No. 5 (1986). See generally Attorney General Opinion JM-1210 (1990).
You first ask whether the ERS may operate an in-house securities lending program using its own personnel when its securities are held under a custodial agreement. Section 815.303 of the code authorizes securities lending through eligible third party custodians, not by the ERS itself. Further, the ERS could not satisfy the requirements that a bank or brokerage fund must satisfy in order to lend ERS's securities. Gov't Code §815.303(b). The ERS, of course, is to adopt rules governing the lending of its securities. Id. § 815.303(a).
Next you ask whether the ERS has the authority to contract with an entity other than an existing custodian for the purpose of operating a lending program for the system's securities. Section 815.303(a) allows the ERS to designate more than one entity to "serve as custodian or custodians of the system's securities and to lend the securities." Consequently, we see no impediment to the ERS's naming an additional custodian to engage in securities lending. Indeed, if existing custodians did not satisfy the requirements of subsection (b) of section 815.303, the ERS would have to appoint a new custodian in order to have its securities lent.
 SUMMARY
There is no statutory authority for the ERS to operate an in-house securities lending program. The ERS may select an eligible institution other than an existing custodian to operate a lending program for its securities.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General